IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Energy Future Holdings Corp., et al., | : | |
| Debtors. | : | |
| Avenue Capital Management II, LP, et al., | : | |
| Appellants, | : | |
| v. | : | C. A. No. 15-210-RGA |
| | : | Bankruptcy Case No. 14-10979 (CSS) |
| Fidelity Investments, et al., | : | Bankruptcy Adv. No. 14-50797 (CSS) |
| | : | AP No. 15-7 |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **22nd** day of **June, 2015**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The parties disagree regarding the standard applied by the Bankruptcy Court in granting Appellees' motion to dismiss, and whether mediation in this matter should proceed.

Appellants claim that the Bankruptcy Court incorrectly applied the appropriate legal standard, arguing the dismissal of the complaint was only warranted if Appellees' interpretation of the contract was the only reasonable construction as a matter of law, and warranted reversal on this appeal. They point out that mediation may help reach a resolution, noting that the parties have not previously engaged in any ADR. They have, however, engaged in discussions related to the broader Chapter 11 proceedings, in which both are major creditors. Appellants note that they expressed a willingness to resolve the Adversary Proceeding involved in this appeal in the context of the broader resolution of the issues in the Debtors' Chapter 11 cases and look to mediation in this court as an opportunity to resolve both the Adversary Proceedings and other issues related to the broader Chapter 11 cases.

Appellees disagree with Appellants' comments above noting that the Bankruptcy Court rejected Appellants' approach to read one provision of the contract in isolation. They emphasize that the parties are very familiar with each other and in very frequent contact directly through principals and through intermediaries. Since those extensive discussions have not lead to resolution of this appeal, Appellees do not believe that mediation would be beneficial. More importantly, they note that the open issues remaining in the bankruptcy case are unrelated to the issues on appeal and involve not only the parties to this Adversary Proceeding, but a substantial number of parties not involved in this appeal, which would require a much broader consensus of stakeholders, and include parties over which this court does not have direct jurisdiction through this appeal.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a)

Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Through this Recommendation, the parties were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1. Any objections to this Recommendation shall be filed within fourteen (14) days, limited to five (5) pages, after being served with the same. Any response must be filed within fourteen (14) days after service of objections and is limited to five (5) pages. The parties are further directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72 dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE