**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Yehudah L. Buchweitz
+1 (212) 310-8256
Yehudah.Buchweitz@weil.com

November 20, 2015

The Honorable Leonard P. Stark
United States District Judge
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

Re:  Energy Future Holdings Corp., et al., Debtors
 Chapter 11, Bankruptcy Case No. 14-10979 (CSS)
 Bankruptcy Adv. Proc. No. 14-50797 (CSS)

 Avenue Capital Management II, L.P., et al., Plaintiffs/Appellants
 v. Fidelity Investments, et al., Defendants/Appellees
 Civil Action No. 15-00210 (LPS)

Dear Judge Stark:

We are co-counsel to the Plaintiffs/Appellants in the above-referenced litigation.

Reference is made to the letter, dated November 19, 2015, from Richard P. Swanson, General Counsel of York Capital Management ("York").

As stated in my November 16, 2015 letter to the Court, the Stipulation and Order of Dismissal (the "Stipulation") was filed in accordance with an agreement entered into among the Plaintiffs/Appellants. On August 1, 2014, the Plaintiffs/Appellants, including York, entered into a Call Right Allocation Agreement.[1] Paragraph 3 of the Call Right Allocation Agreement is entitled "Litigation and Settlement Authority" and provides as follows:

> The Parties agree that the Majority shall have the right to (a) direct and control any litigation with respect to the Call Right, including the right to suspend or abandon any such litigation, or (b) settle any such litigation or enter into any agreement with Fidelity

---

[1] A true and correct copy of the Call Right Allocation Agreement is attached hereto as Exhibit A.

The Honorable Leonard P. Stark
November 20, 2015
Page 2

resolving the dispute with respect to the Call Right.  Any such action taken or settlement entered into that is authorized by the Majority of the Parties shall be binding on all Parties whether or not a Party authorized or approved any such action or settlement.

Paragraph 1 of the Call Right Allocation Agreement defines "Majority" as "Parties holding an aggregate Percentage Share equal to or greater than 50.1% and at least three (3) Parties in number."  Each of the Plaintiffs/Appellants is a "Party" and collectively, they are the "Parties."  "Percentage Share" is defined as "the percentage set forth below, as applicable to each Party:  Avenue 36.50%, GSO 25.00%, PSAM 5.65%, Third Avenue 7.85%, York 25.00%."

On November 12, 2015, we received a letter from three of the Plaintiffs/Appellants—Avenue Capital Management II, LP ("Avenue"), GSO Capital Partners LP ("GSO"), and Third Avenue Management LLC ("Third Avenue")—that collectively hold a Percentage Share of 69.35%.[2]  The November 12 letter states that Avenue, GSO, and Third Avenue "constitute a Majority under the Call Right Allocation Agreement and hereby direct the addressees to execute, and to cause Delaware co-counsel to execute, the Stipulation and Order of Dismissal with Prejudice" attached to the letter.  Following calls and emails to the two other Plaintiffs/Appellants—P. Schoenfeld Asset Management LP and York—we executed the Stipulation and delivered it to each of GSO, Avenue and Third Avenue as well as the addressee identified in the November 12 letters.  The Stipulation was thereafter filed by counsel for the Appellees.

In addition, Weil Gotshal & Manges LLP has no objection to withdrawing as York's counsel in this matter.

Respectfully submitted,

Yehudah L. Buchweitz

---

[2] True and correct copies of the letters sent by Avenue, GSO, and Third Avenue are attached hereto collectively as Exhibit B.